UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

---

QUALITY SERVICE GROUP, LLC

                Plaintiff,

- against -

MONTE OF ANNAPOLIS, INC., D/B/A "BLUE MARTINI," DOMENICA TRIPODI, WILLIE KOUTRUMPOUS and BLUE MARTINI,

                Defendants.

Case No. : 1:11−cv−00514−CCB

---

**Settlement Agreement and Stipulation of Dismissal**

This AGREEMENT is made as of the 31st day of March, 2011, between QUALITY SERVICE GROUP, LLC a Florida Limited Liability Company ("QSG") and MONTE OF ANNAPOLIS, INC., D/B/A "BLUE MARTINI" and WILLIE KOUTRUMPOUS ("MOA/WK").

1. **Preamble.**

    a) QSG filed a lawsuit against MOA/WK and Domenica Tripodi in the District Court of Maryland, alleging, *inter alia*, trademark infringement of U.S. Trademark Registration Nos. 3470058 and 2819726 for Plaintiff's BLUE MARTINI trademark covering restaurants and bar services (the "BLUE MARTINI Mark"), copies of which registrations are attached as Exhibit 1 to the Complaint in this action (the "Action").

    b) MOA/WK own and operate an establishment under the name BLUE MARTINI at 2444 Solomon's Island Road, Annapolis, Maryland 21401 (the "Infringing Premises").

    c) QSG and MOA/WK wish to enter into this Settlement Agreement and Stipulation of Dismissal to resolve all claims as between the parties to this Action.

2. **Release of Domenica Tripodi**.

    QSG releases Domenica Tripodi from all claims it has, had or could have in connection with the subject matter of the Action, and dismisses all of its claims against Domenica Tripodi.

3. **Warranties and Representations by MOA/WK.**

    a) MOA/WK warrant and represent on behalf of themselves, MOA's parent, affiliated and/or subsidiary companies, officers, directors and shareholders, and all of their respective successors, assigns, licensees, agents, employees and authorized representatives (the "MOA/WK Parties") that, prior to April 1, 2011, the "MOA/WK Parties shall: (i) cease all use of BLUE MARTINI, including without limitation at or in connection with the Infringing Premises; (ii) file with all local and state agencies and obtain the necessary approvals to change its name so that it does not include or refer to BLUE MARTINI in any manner; and;

    (iii) destroy all advertising, menus, signs, merchandise, napkins, and other items of any kind or nature bearing BLUE MARTINI.

b) At any time after March 31, 2011, should QSG discover that MOA/WK has failed to comply with the Warranties and Representations contained in paragraph 3.a) above, then without further notice to the MOA/WK Parties, QSG shall be permitted to make an application to the United States District Court For The District Of Maryland for a confession of judgement and liquidated damages in the amount of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for each and every day that the MOA/WK Parties fail to comply with the provisions of this Settlement Agreement.

4. **Additional Obligations of MOA/WK.**

    a) MOA/WK shall pay QSG the sum of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (the "Settlement Amount"), in full and final settlement of any and all claims relating to the Action and the subject matter thereof. The Settlement Amount shall be made by check payable to Gordon E. R. Troy, PC, as attorneys for QSG, within five (5) business days from the full execution of this Settlement Agreement.

    b) Within five (5) business days from the full execution of this Settlement Agreement, MOA/WK shall transfer the domain name bluemartiniannapolis.com to QSG or its designee, and shall do all things necessary at QSG's direction to effectuate such transfer.

    c) MOA/WK, on behalf of itself and the MOA/WK Parties, shall forever cease and desist from selling, licensing, manufacturing, advertising, promoting, distributing or otherwise exploiting or using in commerce the BLUE MARTINI Mark or a mark or design that is confusingly similar to the BLUE MARTINI Mark.

    d) MOA/WK and the MOA/WK Parties acknowledge the validity of the BLUE MARTINI Mark.

    e) Neither MOA/WK nor the MOA/WK Parties shall at any time hereafter: (i) contest the rights of QSG or its parents, subsidiaries, designees, affiliates, licensees, principals, partners, members, officers, directors, shareholders, employees, representatives, agents, successors and assigns (the "QSG Parties") in and to the BLUE MARTINI Mark; (ii) make any claims in or to the BLUE MARTINI Mark; (iii) take any action inconsistent with the rights of QSG or any of the QSG Parties in and to the BLUE MARTINI Mark; (iv) make any use of the BLUE MARTINI Mark; or (v) otherwise interfere with the rights of QSG or any of the QSG Parties in and to the BLUE MARTINI Mark.

5. **Stipulation of Dismissal.** This Settlement Agreement and Stipulation of Dismissal shall operate as a Stipulation of Dismissal to be filed with the Court by counsel for the parties. The copy to be filed with the Court shall have the financial portions redacted for filing, provided, however, that should QSG be required to enforce the terms of this Settlement Agreement as set forth in paragraph 3b) above, QSG shall be entitled to disclose such financial portions in any Court filings.

6. **General Releases.**

    a) **By MOA/WK.** MOA/WK and the MOA/WK Parties hereby fully and forever release and discharge QSG and the QSG Parties from any and all claims, demands, losses, costs, damages, rights and causes of action, debts, liabilities and obligations whatsoever, at law or

      in equity, which any of them ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing, whether or not previously asserted, known or unknown, discovered or undiscovered, that was or could have been asserted in the Action.

   b) **By QSG.** QSG and the QSG Parties hereby fully and forever release and discharge MOA/WK and the MOA/WK Parties from any and all claims, demands, losses, costs, damages, rights and causes of action, debts, liabilities and obligations whatsoever, at law or in equity, which any of them ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing, whether or not previously asserted, known or unknown, discovered or undiscovered, that was or could have been asserted in the Action, provided, however, that terms and conditions of this Settlement Agreement shall be ongoing.

7. **Mutual Warranties and Representations.** Each party warrants and represents to the other parties that:

   a) it has, to its satisfaction, independently investigated the facts pertaining to the claims in the Action and the terms of this Settlement Agreement, and that in executing this Settlement Agreement it is not relying in any way (and acknowledges that it would be unreasonable so to rely) upon any statement, silence, act or omission of any other party outside the terms of this Settlement Agreement other than those representations specifically set forth in writing herein;

   b) it has the full right, power and authority to execute this Settlement Agreement and perform its obligations hereunder;

   c) it has not assigned, transferred, conveyed, released or discharged (voluntarily or involuntarily) its interest in the claims which are the subject matter of this Settlement Agreement; and

   d) it has had the opportunity to confer with counsel and/or has been represented by counsel of its own choosing in connection with the negotiation and preparation of this Settlement Agreement and with respect to the meaning and legal significance of this Settlement Agreement, and, based upon such opportunity and/or representation and advice, it knowingly and voluntarily agrees to be bound by the terms of this Settlement Agreement.

8. **Cure of Breach.** In the event any party claims the other has breached any provision of this Settlement Agreement, the party claiming breach shall notify the allegedly breaching party of the claimed breach and the parties shall have five (5) business days after having been "delivered" notice to attempt to settle the dispute or otherwise cure said breach. Failing settlement, the breaching party shall be entitled to seek enforcement of this Settlement Agreement by the Court.

9. **Notices.** All notices and other communications hereunder shall be in writing and shall be delivered to the other party by an express mail company which requires signature upon delivery or by certified mail, return receipt requested. All notices or other communications shall be deemed delivered when signed for if sent by express mail company or three days after mailing if sent by certified mail as aforesaid, and shall be addressed as follows:

| If to QSG: | If to MOA/WK: |
|---|---|
| Gordon E. R. Troy, PC | Hunter Taubman Weiss |
| Gordon E. R. Troy | Morton S. Taubman, Esq. |
| 3333 Lake Road | 1201 15th Street, NW, 2nd Floor |
| PO Box 368 | Washington, DC 20005 |
| Charlotte, VT 05445 | Telephone: (202) 347-9090 |
| (802) 425-9060 Phone | Facsimile: (202) 659-2679 |
| (646) 588-1962 Fax | Email: mtaubman@lhttlaw.com |
| gtroy@webtm.com E-mail | |

10. **General Provisions.**

   a) This Settlement Agreement sets forth the entire understanding of the parties hereto relating to the subject matter hereof. No modification, amendment, waiver, termination or discharge of this Settlement Agreement or of any of the terms or provisions hereof shall be binding upon either party unless confirmed by a written instrument signed by the party against whom such modification, amendment, waiver, termination or discharge is sought to be enforced. No waiver by either party of any term or provision of this Settlement Agreement or of any default hereunder shall affect the respective rights thereafter to enforce such term or provision or to exercise any right or remedy in the event of any other default, whether or not similar. Except as otherwise provided in this Settlement Agreement, all rights and remedies herein or otherwise shall be cumulative and none of them shall be in limitation of any other right or remedy.

   b) This Settlement Agreement is binding upon and shall inure to the benefit of the parties, their affiliates, and each of their respective agents, officers, directors, employees, shareholders, principals, partners, insurers, reinsurers, sureties, successors and assigns.

   c) If any provision of this Settlement Agreement shall be held void, voidable, invalid or inoperative, no other provision of this Settlement Agreement shall be affected as a result thereof, and, accordingly, the remaining provisions of this Settlement Agreement shall remain in full force and effect as though such void, voidable, invalid or inoperative provision had not been contained herein.

   d) Each party had an opportunity to participate in drafting of this Settlement Agreement. Therefore, it will not be construed against either party

   e) This Settlement Agreement is governed by, and is to be construed in accordance with, the laws of the State of Maryland, without giving effect to that state's conflict-of-laws rules. Each of the parties submits to the jurisdiction of the United States District Court for the District of Maryland. The parties hereby consent to such jurisdiction and specifically to the personal jurisdiction of the referenced Court over each party and waive any objection they now or may hereafter have to such jurisdiction and venue.

   f) This Settlement Agreement may be executed in counterparts. Each counterpart shall be deemed an original. Scanned "pdf" copies of signatures shall be as binding as original signatures.

   g) Authorized representatives for parties shall place their signatures and seals in the places provided below.

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be executed by their duly authorized representatives.

Dated: March 4/13 2011

QUALITY SERVICE GROUP, LLC

By: _____
Managing Member

Dated: March 31, 2011

MONTE OF ANNAPOLIS, INC.
D/B/A "BLUE MARTINI
WILLIE KOUTRUMPOUS

By: _____
WILLIE KOUTRUMPOUS
Individually, and as _____ of
MONTE OF ANNAPOLIS, INC.

## STIPULATION OF DISMISSAL

Pursuant to Fed. R. Civ. P. 41(a)(1), the Parties hereby stipulate to the dismissal with prejudice of this action, including any and all claims and counter-claims asserted therein. Dated: March 31, 2011

Gordon E. R. Troy, PC

By: _____
Gordon E. R. Troy
3333 Lake Road, PO Box 368
Charlotte, VT 05445
*Attorney for Plaintiff*

Hunter Taubman Weiss

By: _____
Morton S. Taubman, Esq.
1201 15th Street, NW, 2nd Floor
Washington, DC 20005
*Attorney for Defendants*

SO ORDERED

_____
Catherine C. Blake, U.S.D.C.

Dated: March _____, 2011

Quality Service Group, LLC vs. Monte Of Annapolis, Inc., d/b/a "Blue Martini," et al.
Settlement Agreement and Stipulation of Dismissal

Page 5
Case No.: 1:11-cv-00514-CCB